IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN AND ROWENA DRENNEN, )
DAVID AND DIANE GARNER, )
and SHAWN AND LORENE STARKEY, )
　）
Plaintiffs, )
）
v. ) Civil Action No. 05-1386
）
COMMUNITY BANK OF NORTHERN )
VIRGINIA, et. al )
）
Defendants. )

MEMORANDUM ORDER

This is an action alleging violations of the Truth In Lending Act, 15 U.S.C. § 1601, et seq., ("TILA"). Before the court are defendants' motions to dismiss [Doc. Nos. 8, 10] and defendants' motions for judgment on the pleadings [Doc. Nos. 39, 41]. For the reasons set forth below, defendants' motions for judgment on the pleadings, which the court will construe as motions to dismiss, will be granted.

I. BACKGROUND

The parties are familiar with the factual and procedural background surrounding this case, which has been set forth in numerous memoranda by this court and are incorporated by reference. We need only point out that on January 25, 2008, this court granted class certification and preliminary settlement

approval at Civil Action No. 03-425. The certified class was defined as:

All persons:

(i) who entered into a loan agreement with CBNV and/or GNBT;
(ii) whose loan was secured by a second mortgage deed or trust on property located in the United States;
(iii) whose loan was purchased by RFC; and
(iv) who were not members of the class certified in the action captioned <u>Baxter v. Guaranty National Bank</u>, et al., Case No. 01-CVS-009168, in the General Court of Justice, Superior Court Division of Wake County, North Carolina.

There is no dispute that each of the plaintiffs here are members of this class. There is also no dispute that plaintiffs received the notice of the settlement and that plaintiffs failed to exercise their right to opt out of the settlement class, but rather chose to participate fully. Plaintiffs Rowena Drennen, David Garner, and Diane Garner timely filed objections. Plaintiffs John Drennen, Shawn Starkey, and Lorene Starkey neither objected nor opted out.

On August 15, 2008, this court approved the settlement agreement and entered a final Order and Judgment. This Court defined the "Settled Claims" as:

> any and all claims, demands, actions, causes of action, rights, offsets, suits, damages, lawsuits, liens, costs, losses, expenses or liabilities of any kind whatsoever, including monetary, injunctive or declaratory relief, or for the reimbursement of attorneys' fees, costs or expenses, whether known or unknown, alleged or not

alleged in the Litigation, suspected or unsuspected, contingent or vested, which the Named Plaintiffs or any member of the Plaintiff Class has had, now has, or may have in the future which were or could have been raised in the Litigation and which arise out of or are related in any way with CBNV's Second Mortgage Loan Program and/or GNB's Second Mortgage Loan Program, including, but not limited to ... the Truth in Lending Act 15 U.S.C. § 1601 et seq., and its implementing regulation, 12 C.F.R. part 226; the Home Ownership and Equity Protection Act, 15 U.S.C. § 1639 et seq., and its implementing regulation ... and all claims for rescission or for general, special, and punitive damages, as well as any and all claims for treble damages, penalties, attorneys' fees and costs of suit.

II.     STANDARD OF REVIEW

Defendants purport to bring their motions for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). A Rule 12(c) motion is designed to provide a means for disposing of cases when the material facts are not in dispute and judgment on the merits may be achieved by focusing on the content of the pleadings and any facts of which the court may take judicial notice. See 5A Wright & Miller, Federal Practice & Procedure: Civil 2d § 1367 (1990). A motion for judgment on the pleadings may be made at any time after the pleadings are closed. Here, defendants have not answered. The pleadings are not, therefore, closed. Accordingly, although the plaintiffs have failed to object to the motion on this basis, a motion for judgment on the pleadings is premature.

As noted above, defendants previously filed motions to dismiss for failure to state a claim. Rule 12(g)(2) prohibits a second motion to dismiss on grounds that were "available to the party but omitted from its earlier motion." Fed.R.Civ.P. 12(g)(2). Here, defendants argue that the class action settlement release bars plaintiffs' claims. This defense was not available to defendants at the time they filed their prior motions to dismiss. Accordingly, the court will construe all defendants' motions as permissible second motions to dismiss[1].

If a complaint is subject to a Rule 12(b)(6) dismissal, we must permit a curative amendment unless the amendment would be inequitable or futile. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). We must provide an opportunity to amend even if the plaintiff has not sought leave to amend. Id.

III. DISCUSSION

As noted above, there is no dispute that: (1) plaintiffs are members of the class; who (2) received notice of the class action settlement; and who (3) did not exercise their right to opt out. Plaintiffs suggest that their claims,

---

[1] The court of appeals has noted that Rule 12(c) and Rule 12(b)(6) are merely procedurally distinct. The standard of review for motions brought under either rule is the same. Turbe v. Gov't of the Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991).

nevertheless, are not barred by the class action settlement release because the release excluded claims related to "future" conduct. Plaintiffs base this argument on that portion of the release that states "[a]ny claims arising out of future conduct, such as a failure to credit a future payment, are not released." Plaintiffs argue that their claims, which they contend arose in 2004 after defendants denied their requests for rescission, were not presented in the November 2003 consolidated class action lawsuit and, therefore, are not encompassed within the release.

Plaintiffs' argument is without merit. This clause obviously refers to claims occurring after the date of the release. The release in this case is undeniably broad. The court of appeals has repeatedly held that similarly broad releases are enforceable. See, e.g., In re Prudential Ins. Co. of Am., 261 F.3d 355, (3d Cir. 2001). Moreover, the court of appeals has observed that "[i]t is now well settled that a judgment pursuant to a class settlement can bar later claims based on the allegations underlying the claims in the settled class action." In re Prudential, 261 F.3d at 366. Indeed, "[this is true even though the precluded claim was not presented, and could not have been presented, in the class action itself." Id.

Simply put, by failing to opt out, plaintiffs have released the claims they assert in this case. Plaintiffs are not entitled to amend their complaint because amendment would be futile.

Accordingly, IT IS HEREBY ORDERED THAT defendants' motions for judgment on the pleadings [Doc. Nos. 39 and 41], which the court has construed as second motions to dismiss, are HEREBY GRANTED. Defendants first motions to dismiss [Doc. Nos. 8 and 10], for failure to state a claim, are HEREBY DENIED, as moot.

BY THE COURT:

_____ J.

2/23/09