IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| IN RE: | COMMUNITY BANK OF | ) | MDL No. 1674 |
| | NORTHERN VIRGINIA | ) | Civ. Action Nos. |
| | MORTGAGE LENDING | ) | 02-1201, 03-425, |
| | PRACTICES LITIGATION | ) | 05-688, 05-1386 |

## MEMORANDUM and CASE MANAGEMENT ORDER

Gary L. Lancaster,                              September 20, 2011
Chief Judge.

        The parties are familiar with the extensive factual
and procedural background of this matter and, therefore, it will
not be set forth in detail here. Pending before the court are,
inter alia:   (1)   Plaintiffs' Joint Motion for Multidistrict
Case Management Order Number One [doc. No. 214 at 02-1201, doc.
No. 491 at 03-425, doc. No. 211 at 05-688 and doc. No. 63 at 05-
1386];   (2)   Plaintiffs' Joint Motion for Leave to File an
Amended Consolidated Complaint [doc. No. 488 at 03-425]; and (3)
Defendants' motion for leave to file a sur-reply brief in
opposition to Plaintiffs' Joint Motion for Multidistrict Case
Management Order Number One [doc. No. 219 at 02-1201, doc. No.
504 at 03-425 and doc. No. 215 at 05-688].

        Defendants Residential Funding Corp., LLC, PNC Bank,
N.A., and the Federal Deposit Insurance Corp. as receiver for
Guaranty National Bank of Tallahassee and as receiver for Irwin
Union Bank and Trust Company oppose plaintiffs' proposed case

1

management order.  Defendants argue there is no need to appoint
lead counsel as this juncture.  Defendants further oppose the
proposed  schedule,  and  seek  bifurcated  class  and  merits
discovery.   Defendants  do  not  oppose  plaintiffs'  Motion  for
Leave  to  File  an  Amended  Consolidated  Complaint  with  the
following qualifications:   (1) defendants do not concede that
the  proposed  complaint  states  a  claim  for  relief  and
specifically reserve their right to file a motion to dismiss the
amended  complaint;   (2)   defendants  reserve  their  right  to
challenge whether joinder of some or all of the plaintiffs is
improper;   (3)   defendants  do  not  consent  to  the  consolidation
of this matter for trial;   (4)   defendants ask that plaintiffs
be required to specify whether the Turner plaintiffs are named
representatives;   and (5)   defendants ask the court to require
plaintiffs  to  file  a  RICO  case  statement  and  seek  21  days
thereafter to file their responsive pleadings [doc. No. 498 at
03-425].

Three  non-parties  who  plaintiffs  seek  to  add  as
defendants in the proposed amended complaint, Household Finance,
Inc., MorEquity, Inc., and WFC, Inc., have appeared specially to
object to plaintiffs' motion to amend [doc. Nos. 499, 500 and
501 at 03-425].   Plaintiffs have filed no response to their
objections.

2

For the reasons set forth below, Plaintiffs' Joint
Motion for Multidistrict Case Management Number One will be
granted in part and denied in part.  Plaintiffs' Motion for
Leave to File an Amended Consolidated Complaint will also be
granted in part and denied in part.  Defendants' motion to file
a sur-reply will be denied.

## I.    Plaintiffs' Joint Motion for Multidistrict Case Management Order Number One

Plaintiffs have filed a Joint Motion for Multidistrict
Case Management Order Number One.  Plaintiffs ask the court to
issue a case management order that, inter alia, designates R.
Bruce Carlson and R. Frederick Walters as interim co-lead
counsel.  Defendants object to this appointment.  Defendants
argue that there is no need to appoint interim co-lead counsel
at this juncture.  Defendants further argue that plaintiffs have
not met their burden of establishing that they satisfy the
requirements of Federal Rule of Civil Procedure 23.
Specifically, defendants argue that plaintiffs' have failed to
make even a cursory showing of their qualifications to be
appointed as lead counsel pursuant to Fed.R.Civ.P. 23(g).
Defendants also imply that counsel's conduct during the course
of this litigation renders them inadequate.

Plaintiffs respond that Federal Rule of Civil
Procedure 23(g)(3) allows this court to appoint interim class

3

counsel, prior to any decision on class certification. Plaintiffs further argue that they have extensive experience in class action litigation. Plaintiffs also note that defendants' description of their conduct in this litigation to this point is inaccurate and, more importantly, irrelevant to the question of whether they should now be appointed interim co-lead class counsel. The court agrees with plaintiffs.

As the parties are aware, R. Bruce Carlson and his firm, Carlson Lynch, Ltd., filed what is now captioned Kessler v. Residential Funding Corp., in this court. Thereafter, in 2004, R. Frederick Walters and his firm, Walters Bender Strohbehn & Vaughn filed Hobson v. Irwin Union Bank and Trust Co., in the United States District Court for the Northern District of Alabama. That case was transferred to this court by order of the United States Judicial Panel on Multidistrict Litigation ("MDL Panel"). Throughout the course of this litigation plaintiffs' counsel has been, to put it mildly, at odds. They have recently agreed to work together to prosecute this case on remand. They correctly note that the private ordering method of selecting interim lead counsel has long been the preferred approach. See e.g. Report of the Third Circuit Task Force, Selection of Class Counsel 208 F.R.D. 340, 416 (2002). The court sees no reason to deviate from this well-established approach.

4

Therefore, R. Bruce Carlson, of Carlson Lynch, Ltd. and R. Frederick Walters of Walters, Bender, Stohbehn & Vaughan, P.C. will be appointed interim co-lead class counsel pursuant to Fed.R.Civ.P. 23(d) and 23(g)(3). This appointment is, of course, without prejudice to defendants' right to oppose the appointment of Mr. Carlson and Mr. Walters at the class certification stage.

Defendants also object to the remainder of the proposed case management order. Defendants generally object to plaintiffs' submission of a proposed case management order without first conferring with defendants as required by Fed.R.Civ.P. 16 and 26 and Local Rule 16.1. Defendants specifically object to the plaintiffs request to commence class and merits based discovery immediately. Defendants correctly note that both the Federal Rules of Civil Procedure require the parties to meet, confer, and file a Rule 26(f) report. Both parties neglect, however, the requirements of Local Rule 23. Pursuant to Local Rule 23, the parties are to meet, confer and file a "Joint Report of the Parties and Proposed Scheduling and Discovery Order – Class Action" in a form substantially similar to that which appears in the Appendix to the Local Rules. The parties are excused from paragraphs 4, 6, 14, and 18 of the form report.

Accordingly, the parties will be directed to meet and confer within twenty-one (21) days of the date of this Memorandum and Case Management Order. The parties will further be required to file the "Joint Report of the Parties and Proposed Scheduling and Discovery Order – Class Action" fourteen (14) days thereafter.

In formulating the plan for discovery the parties are advised that, in light of the United States Supreme Court's decision in Wal-Mart Stores, Inc. v. Dukes, -- U.S. --, 131 S.Ct. 2541 (2011), this court's class certification analysis may entail a preliminary inquiry into the merits. See id. at 2551-52, n. 6 (stating that "frequently [the Rule 23] 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim …"). Accordingly, discovery will not be bifurcated. The parties are directed to meet and confer regarding all other matters set forth in Fed.R.Civ.P. 26(f).

## II.   Motion for Leave to File an Amended Consolidated Complaint

Plaintiffs have also jointly filed a Motion for Leave to File an Amended Consolidated Complaint. As noted above, defendants Residential Funding Corp., LLC, PNC Bank, N.A., and the Federal Deposit Insurance Corp. as receiver for Guaranty National Bank of Tallahassee and as receiver for Irwin Union Bank and Trust do not object to the motion but did note several

exceptions. Plaintiffs do not object to defendants' exceptions.

Thus, the only remaining question before the court is whether plaintiffs can, at this late date, add as defendants Household Finance, Inc., MorEquity, Inc., and WFC, Inc. The court finds that, in light of the plaintiffs' failure to seek to add these defendants in a timely fashion, the motion to add them as defendants must be denied. The court further finds that, since none of the named plaintiffs' loans were purchased by these entities, amendment would likely be futile.

Fed.R.Civ.P. 15 provides that where, as here, amendment as a matter of course is not available, "a party may amend its pleading only with the opposing party's written consent or the court's leave … [t]he court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). The court of appeals has held that "such leave must be granted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment." Grayson v. Mayview State Hosp., 293 F.3d 103, 109 (3d Cir. 2004).

Here, there is no dispute that, on March 11, 2005, prior to the MDL Panel's transfer of the Hobson case to this court, the United States District Court for the Northern District of Alabama dismissed Household Finance, Inc., MorEquity, Inc., and WFC, Inc. That court held oral argument on March 4, 2005. During oral argument, the court held that, since

7

none of the loans of the named representatives were purchased by Household Finance, Inc., MorEquity, Inc., or WFC, Inc., plaintiffs lacked standing to sue these entities. In order to cure the standing defect the Hobson plaintiffs were directed to file an amended complaint within sixty (60) days adding as a named representative an individual whose loan was purchased by these entities.

On May 5, 2005, the Hobson action was transferred to this court. A status conference held before this court on November 5, 2005. At the status conference, counsel for the Hobson plaintiffs confirmed that these entities were no longer defendants. [03-425 doc. No. 137 at p. 23]. Accordingly, in light of the long passage of time and counsel's prior representations, this court will deny the Motion for Leave to File an Amended Consolidated Complaint to the extent that it seeks to add Household Finance, Inc., MorEquity, Inc., or WFC, Inc. as defendants. Further, the proposed amendment does not name as representative plaintiffs individuals whose loans were purchased by these entities. Thus, the proposed amendment as to Household Finance, Inc., MorEquity, Inc., or WFC, Inc. is likely futile.

### III. Conclusion

For the reasons set forth above: Plaintiffs' Joint Motion for Multidistrict Case Management Order Number One [doc.

8

No. 214 at 02-1201, doc. No. 491 at 03-425, doc. No. 211 at 05-688 and doc. No. 63 at 05-1386] will be granted in part and denied in part; (2)   Plaintiffs' Joint Motion for Leave to File an Amended Consolidated Complaint [doc. No. 488 at 03-425] will be granted in part and denied in part; and (3) Defendants' motion for leave to file a sur-reply brief in opposition to Plaintiffs' Joint Motion for Multidistrict Case Management Order Number One [doc. No. 219 at 02-1201, doc. No. 504 at 03-425 and doc. No. 215 at 05-688] will be denied.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| IN RE: | COMMUNITY BANK OF | ) | MDL No. 1674 |
| | NORTHERN VIRGINIA | ) | Civ. Action Nos. |
| | MORTGAGE LENDING | ) | 02-1201, 03-425, |
| | PRACTICES LITIGATION | ) | 05-688, 05-1386 |

CASE MANAGEMENT ORDER NUMBER 1

AND NOW, this 20th day of September, 2011, IT IS HEREBY
ORDERED THAT:

(1) **Pretrial Consolidation:** The cases listed above
are, until further order, consolidated for pretrial purposes.
This order does not constitute a determination that these
actions are consolidated for trial, nor does it have the effect
of making any entity a party to an action in which it has not
been joined and served in accordance with the Federal Rules of
Civil Procedure.

(a) **Master Docket and File.** The clerk will
maintain a master docket and case file under the style "In re
Community Bank of Northern Virginia Mortgage Lending Practices
Litigation," MDL No. 1674, master file number 03-425. All
orders, pleadings, motions, and other documents will, when filed
and docketed, be deemed filed and docketed in each individual
case to the extent applicable.

(b) **Captions, Separate Filing.** Orders,
pleadings, motions and other documents will bear a caption

1

similar to that of this Order. If generally applicable to all consolidated actions they shall include in their caption a notation that they related to "ALL CASES" and be filed and docketed only in the master file.  Documents intended to apply only to a particular case will indicate in their caption the case number of the cases to which they apply, and be filed in both the master file and the individual case file.

(2)  **Pending Motions[1]**

(a)  The  Joint  Motion  of  Plaintiffs  for Multidistrict Case Management Order [doc. No. 214 at 02-1201, doc. No. 491 at 03-425, doc. No. 211 at 05-688 and doc. No. 63 at 05-1386] is GRANTED in part.  Specifically, as set forth infra, R. Bruce Carlson and R. Frederick Walters are appointed interim co-lead counsel.  The Motion is otherwise denied. Defendants' motion for leave to file a sur-reply [doc. No. 219 at 02-1201, doc. No. 504 at 03-425 and doc. No. 215 at 05-688] is DENIED.

(b)  The Joint Motion for Leave to file Joint Amended Consolidated Complaint [doc. No. 488 at 03-425] is GRANTED in part.  Specifically, plaintiffs shall revise the Joint Amended Consolidated Complaint in accordance with the Memorandum filed contemporaneously herewith and file it within

---

[1]  Upon the filing of the Joint Amended Consolidated Complaint, the court will deny all other pending motions, without prejudice, as they will be rendered moot.

2

fourteen (14) days. Defendants' responsive pleading will be due twenty-one (21) days thereafter. The motion is DENIED as to the addition of Household Finance, Inc., MorEquity, Inc., and WFC, Inc. as defendants.

        (3)    **Interim Co-Lead Counsel**

        (a)    **Appointment.** Pursuant to Fed.R.Civ.P. 23(d) and 23(g)(3) R. Bruce Carlson of Carlson Lynch Ltd., and R. Frederick Walters of Walters, Bender, Strohbehn and Vaughan, P.C are appointed interim Co-Lead Counsel.

        (b)    **Duties.**

        i.    Interim co-lead counsel shall coordinate as required by the course of pretrial proceedings. Co-lead counsel shall act cooperatively and ensure that communication among the parties is as open and frequent as possible. Co-lead counsel shall consider the interests of all parties in all planning and pretrial matters.

        ii.    Interim co-lead counsel shall be responsible for coordinating the activities of all plaintiffs during pretrial proceedings and shall:

        A.    Determine, after such consultation with other members of plaintiffs' counsel as may be appropriate, and present (in briefs oral argument, or such other fashion as may be appropriate, personally or by a designee)to the court and

3

to opposing parties the position of the plaintiffs on all matters arising during pretrial proceedings;

      B.    Coordinate the initiation and conduct of discovery, including the preparation of joint interrogatories and requests for production of documents and the examination of witnesses in deposition, on behalf of plaintiffs consistent with the requirements of Fed.R.Civ.P. 26(b)(1) and (2) and Fed.R.Civ.P. 26(g) and Section _infra_ regarding discovery.

      C.    Jointly conduct settlement negotiations on behalf of plaintiffs, but shall not enter into binding agreements except to the extent expressly authorized;

      D.    Delegate specific tasks to other counsel in a manner to ensure that pretrial preparation for the plaintiffs is conducted effectively, efficiently, and economically;

      E.    Enter into stipulations with opposing counsel as necessary for the conduct of the litigation;

      F.    Prepare and distribute periodic status reports to the parties;

      G.    Maintain adequate time and disbursement records covering services as interim co-lead counsel'

      H.    Monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;  and

I.    Perform such other duties as may be incidental to proper coordination of plaintiffs' pretrial activities or authorized by further order of court.

Counsel for plaintiffs who disagree with interim co-lead counsel or who have individual or divergent positions may file papers with the court, present oral and written arguments, conduct examinations of deponents, and otherwise act separately on behalf of their clients as appropriate provided that in doing so they do not repeat arguments, questions, or actions of interim co-lead counsel.

(c)    **Time Records.**    All counsel shall keep a daily record of their time spent and expenses incurred in connection with this litigation indicating with specificity the hours, location, and particular activity (such as "conduct of deposition of A.B."). The failure to maintain such records will be grounds for denying court-awarded attorneys' fees, as will insufficient description of the activity.

### 4.  Discovery

A.    **Joint Report of the Parties and Proposed Scheduling and Discovery Order - Class Action.**    The parties are directed to meet and confer within twenty-one (21) days of the date of this order.    The parties are further directed to file the "Joint Report of the Parties and Proposed Scheduling and Discovery Order - Class Action" in a form substantially similar

to that set forth in Appendix LCvR 23.E, except that that parties are excused from paragraphs 4, 6, 14 and 18 of the model order.

B. **Prior Discovery.** All prior written discovery to which responses have not yet been served are deemed withdrawn.

C. **Confidentiality Orders.** All previously entered confidentiality orders shall remain in effect.

D. **Procedure Governing Discovery Disputes.** The Federal Rules of Civil Procedure allow for liberal discovery. In the absence of a privilege relevancy is the test for determining whether material is discoverable. This rule is construed broadly and includes "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).

Discovery is not limited to the issues raised only in the pleadings, but rather is designed to define and clarify the issues. Id. at 351. Nor is discovery objectionable on the grounds that the information sought would be inadmissible at trial, so long as the information sought appears reasonably calculated to lead to the discovery of admissible evidence. Additionally, should it be determined that, given the needs of the case, compliance with a discovery request would be

6

burdensome or expensive, this will not necessarily be grounds for non-production, but it will impact on the court's decision as to who must bear the cost of production.

In accordance with Local Rule 7.1.C., in the event a dispute arises over a discovery request, all counsel are required to confer in good faith in an effort to resolve the issue without court intervention. It shall be the obligation of the attorney for the party seeking court intervention to initiate such conferences and to do so promptly. Refusal to confer in good faith may subject counsel to sanctions, such as the imposition of costs, including attorneys' fees, under Fed.R.Civ.P. 37(a)(4).

If the parties are unable to resolve a discovery dispute and court intervention is sought, the movant shall file a Motion to Compel Discovery or a Motion for a Protective Order, as appropriate. Attached to the motion shall be a proposed order of court. The proposed order of court must set forth, in detail, the parties' proposal for resolving the discovery dispute. Within five (5) working days of receipt of the motion, the opposing party shall file a written response. Attached to the response shall be a proposed order of court.

The court will sign, without modification, the propose d
order of court which, in the judgment of the court,
is the most reasonable under the circumstances.

BY THE COURT

_____, C.J.

cc: All Counsel of Record

8